IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTIRCT OF ILLINOIS

| | | |
|---|---|---|
| Julie Huels, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:18-cv-2198 |
| | ) | **JURY TRIAL DEMANDED** |
| Walgreen Co., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. Plaintiff, Julie Huels, brings these claims against Walgreen Co. under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; the Illinois Human Rights Act, 775 ILCS 5, et seq.; and, the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

### Jurisdiction and Venue

2. The Court has jurisdiction based on 28 U.S.C. §§ 1331 and 1367 as Huels asserts claims for violations of federal and state law. Huels's state law claims are so related to her federal question claims that they form part of the same case or controversy.

3. Venue is proper in the Southern District of Illinois under 28 U.S.C. 1391(b). Defendant is a citizen of the State of Illinois and a substantial part of the events giving rise to Huels's claims occurred in the Southern District of Illinois.

### Parties

4. Huels is a citizen of the State of Illinois, residing in the Southern District of Illinois.

5. Defendant is an Illinois corporation, incorporated under the laws of the State of Illinois and with its principal place of business in Illinois.

## Administrative Steps

6. Huels filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on November 3, 2017. Huels's Charge is attached as Exhibit 1 and incorporated herein.

7. Huels's Charge was deemed filed with the Illinois Department of Human Rights (IDHR) when filed with EEOC. 775 ILCS 5/7A-102(A-1).

8. EEOC issued Huels a Notice of Right to Sue on September 28, 2018. Ex.2.

9. IDHR issued Huels a notice of her right to sue on November 15, 2018. Ex.3.

10. This Complaint is filed within ninety days of September 28, 2018.

11. Huels exhausted all administrative prerequisites to suit.

## Common Allegations

12. Huels began working for defendant on March 19, 1990 as a Supervisor.

13. While working for defendant, Huels was diagnosed with thyroid cancer.

14. While working for defendant, Huels was diagnosed with skin cancer.

15. While working for defendant, Huels was diagnosed with depression.

16. As a treatment for Huels's thyroid cancer, doctors removed Huels's thyroid.

17. On September 8, 2017, Huels's doctor restricted her work to eight hours per day due to Huels's depression and potential hypothyroidism, a condition related to Huels's thyroid cancer and removal of the thyroid.

18. Before September 8, 2017 Huels routinely worked more than eight hours a day.

19. In September 2017, Huels's doctors also informed her she would need further treatment for her skin cancer.

20. Huels told defendant about her need for a work restriction because of her depression and possible hypothyroidism.

21. Huels told defendant about her need for further skin cancer treatment.

22. Defendant approved Huels's restriction, allowing her to work eight hours a day.

23. Though defendant allowed Huels to work a restricted schedule, defendant expected Huels to complete twelve hours of work in eight hours.

24. Within a month, on October 5, 2017, defendant accused Huels of failing to report a safety violation and suspended her employment.

25. Huels reported the safety violation that defendant claimed she failed to report.

26. On the morning of October 9, 2017, believing she would return to work, Huels contacted defendant and inquired about taking FMLA leave due to depression.

27. In the afternoon of October 9, 2017, defendant discharged Huels.

28. After discharging Huels, defendant notified her that it approved her FMLA leave request.

### Count I—Americans with Disabilities Act Violations

29. Huels incorporates paragraphs 1 through 28 as though fully set forth herein.

30. Defendant is engaged in an industry affecting commerce and had fifteen or more employees for each working day in each of twenty or more calendar weeks in 2017 or 2016.

31. Defendant is an "employer" and "covered entity" within the meaning of the Americans with Disabilities Act (ADA).

32. Huels was a "qualified person" within the meaning of the ADA.

33. Huels is disabled within the meaning of the ADA and defendant perceived Huels to be disabled.

34. Defendant did not provide a reasonable accommodation for Huels's disability, in violation of the ADA.

35. Defendant discharged Huels because of her disability, in violation of the ADA.

36. As a direct and proximate result of defendant's conduct, Huels was damaged.

37. Defendant violated the ADA with malice or reckless indifference to Huels's federally protected rights.

WHEREFORE, Huels requests this Court enter judgment in her favor and against Defendants by:

A. Declaring that the acts and practices by defendant as described herein constitute a violation of the ADA;

B. Enjoining and permanently restraining these violations of the ADA;

C. Awarding Huels her back wages and lost benefits and interest due to Defendant's violations of the ADA;

D. Directing defendant to reinstate Huels to her previous position or, in the alternative, awarding Huels front pay;

E. Awarding Huels compensatory and punitive damages;

F. Awarding Huels attorneys' fees and costs; and

   G. Awarding Huels such further and additional relief as the Court may deem just and proper.

### Count II-Illinois Human Rights Act Violations

38. Huels incorporates paragraphs 1 through 28 as though fully set forth herein.
39. Defendant is an "employer" within the meaning of the Illinois Human Rights Act (IHRA).
40. Huels is an employee within the meaning of the IHRA and defendant perceived Huels to be disabled.
41. Defendant did not provide a reasonable accommodation for Huels's disability, in violation of the IHRA.
42. Defendant discharged Huels because of her disability, in violation of the IHRA.
43. As a direct and proximate result of defendant's conduct, Huels was damaged.
44. Defendant violated the IHRA with malice or reckless indifference to Huels's rights.

WHEREFORE, Huels requests this Court enter judgment in her favor and against Defendants by:

   A. Declaring that the acts and practices by defendant as described herein constitute a violation of the IHRA;

   B. Enjoining and permanently restraining these violations of the IHRA;

   C. Awarding Huels her back wages and lost benefits and interest due to Defendant's violations of the IHRA;

D. Directing defendant to reinstate Huels to her previous position or, in the alternative, awarding Huels front pay;

E. Awarding Huels compensatory and punitive damages;

F. Awarding Huels attorneys' fees and costs; and

G. Awarding Huels such further and additional relief as the Court may deem just and proper.

### Count III—FMLA Interference

45. Huels incorporates paragraphs 1 through 28 as though fully set forth herein.

46. At the time of her discharge, Huels was an eligible employee within the meaning of the Family Medical Leave Act (FMLA).

47. Defendant knew or should have known that Huels's requests for restricted work schedules were for FMLA-qualified reasons.

48. Defendant's refusal to modify Huels's responsibilities and discharge of Huels interfered with her FMLA rights.

49. Defendant's discharge of Huel's interfered with the exercise of her FMLA rights.

50. Defendant knew or should have known that Huels's requests for restricted work schedules were for FMLA-qualified reasons.

51. As a direct and proximate result of defendant's discharge of Huels, Huels suffered loss of employment and continues to suffer loss of income and loss of other employee benefits.

WHEREFORE, Huels requests this Court enter judgment in her favor and against Defendant by:

A. Declaring that the acts and practices by defendant as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Huels her back wages and lost benefits and interest due to Defendant's violations of the FMLA;

D. Directing defendant to reinstate Huels to her previous position or, in the alternative, awarding Huels front pay;

E. Awarding Huels liquidated damages in an additional amount equal to the sum of the actual damages and interest;

F. Awarding Huels reasonable attorneys' fees and costs incurred by Huels in connection with the instant action; and

G. Awarding Huels such further and additional relief as the Court may deem just and proper.

## Count IV—FMLA Retaliation

52. Huels incorporates paragraphs 1 through 28 as though fully set forth herein.

53. At the time of her discharge, Huels was an eligible employee within the meaning of the Family Medical Leave Act (FMLA).

54. Defendant knew or should have known that Huels's requests for restricted work schedules were for FMLA-qualified reasons.

55. Defendant discharged Huels in retaliation for her exercise of rights under the FMLA.

56. As a direct and proximate result of defendant's discharge of Huels, Huels suffered loss of employment and continues to suffer loss of income and loss of other employee benefits.

WHEREFORE, Huels requests this Court enter judgment in her favor and against Defendant by:

A. Declaring that the acts and practices by defendant as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Huels her back wages and lost benefits and interest due to Defendant's violations of the FMLA;

D. Directing defendant to reinstate Huels to her previous position or, in the alternative, awarding Huels front pay;

E. Awarding Huels liquidated damages in an additional amount equal to the sum of the actual damages and interest;

F. Awarding Huels reasonable attorneys' fees and costs incurred by Huels in connection with the instant action; and

G. Awarding Huels such further and additional relief as the Court may deem just and proper.

/s/ Joshua M. Pierson
Sowers & Wolf, LLC
Joshua M. Pierson, ARDC 06313729
jp@sowerswolf.com
530 Maryville Centre Drive, Suite 460
St. Louis, MO 63141
314 744-4010/314 744-4026 fax